UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PURIFICACION CAOILI,

    Plaintiff,
vs.

NCL (Bahamas) LTD.,
A Bermuda Company
d/b/a NORWEGIAN CRUISE LINES

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, by and through undersigned counsel, and sues the Defendant, NCL (Bahamas) LTD., A Bermuda Company, d/b/a NORWEGIAN CRUISE LINES, and further states as follows:

## JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, PURIFICACION CAOILI, is *sui juris*, and a citizen and resident of the state of Washington.

3. Defendant NCL (Bahamas) LTD., A Bermuda Company, d/b/a NORWEGIAN CRUISE LINES ("NCL") is a Bahamian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant NCL (Bahamas) LTD., A Bermuda Company does business under the fictitious name of NORWEGIAN CRUISE LINES. For jurisdictional purposes, NCL is both a citizen of the Bahamas and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant NCL has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendants require fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendants' principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendants owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about September 7, 2021, the Plaintiff was injured aboard Defendant NCL's cruise ship NORWEGIAN GEM as a result of tripping and falling on a lounge chair that had been carelessly left on the walking track on Deck Thirteen. The lounge chair had been placed adjacent to a crew-only exit door that was unmarked with no appropriate signage. The lounge chair was improperly used by crewmembers in an area where there are not supposed to be lounge chairs. After Plaintiff and her husband tried unsuccessfully to open

the exit only crew door, Plaintiff tripped and fell trying to avoid the lounge chair when she caught her foot on the edge of the chair while trying to avoid it by walking around it. Plaintiff suffered a fractured femur in her left leg which required internal fixation and surgery to repair.

12. On the aforesaid date, Defendant NCL owned and/or operated NORWEGIAN GEM.

### COUNT ONE-NEGLIGENT MAINTENANCE OF THE DECK v. NCL

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff with her husband had gone to Deck Thirteen on NORWEGIAN GEM to walk around the walking track for exercise.

15. The area where Plaintiff was walking was not intended to be used for lounge chairs. Lounge chairs and their use by passengers and crewmembers on the walking track is prohibited by Defendant. This shows Defendant had actual knowledge that lounge chairs on a walking track are dangerous and create tripping hazards for passengers like Plaintiff.

16. As Plaintiff and her husband walked on the walking track, they became tired and wanted to go leave Deck Thirteen and go back inside the ship. They came across a door on the outside of the superstructure of the ship which appeared to lead to the interior of the ship. Plaintiff and her husband tried to open the door. The door had no handle on the outside and there were no signs warning Plaintiff and her husband not to use the door or try to open the door. The door is intended to be used only by the crew.

16. It appears that one or more crewmembers apparently had brought a lounge chair to the walking deck through the crew door to which the chair was adjacent.

17. The area around the walking track is monitored by closed circuit television cameras that would have showed the lounge chair on the deck before Plaintiff tripped on it. The film

could also show how the lounge chair ended up on the walking track or deck in violation of company policy.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard NORWEGIAN GEM by reason of tripping and falling on an unreasonably dangerous walking track or deck that had a large lounge chair in Plaintiff's path which was a trip hazard.

19. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty of ordinary reasonable care in the circumstances by:

   a. Allowing a lounge chair to remain on the deck in an area where passengers were expected to walk, and/or;

   b. A crewmember improperly placed a lounge chair on a walking deck or track, and/or;

   c. Failing to monitor closed circuit television cameras so as to eliminate hazards like large lounge chairs in areas where elderly passengers are expected to walk or;

   d. Failing to have proper signage on a crew door which had no handle so as to inform passengers like Plaintiff and her husband that they should not try to open the door to gain entry to the ship, and/or;

   e. Failing to enforce its own policies and procedures regarding the use of large lounge chairs of walking decks or tracks, and/or;

   f. Failing to have sufficient numbers of crewmembers patrolling the deck to keep the deck free and clear of hazards like large lounge chairs on a walking deck.

22. At all times material, the Defendant either created the dangerous conditions (large lounge chair left in walking area, inadequate signage on a crew door) of which Plaintiff

complains and in so doing became aware of the dangerous conditions hereinbefore alleged and/or the dangerous conditions existed for a sufficient period of time and/or that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty-one to have caused or contributed to causing Plaintiff's injury, and/or had actual knowledge that lounge chairs on walking tracks or decks was a dangerous condition because of its policies and/or Defendant is vicariously liable for actions of known and/or unknown crewmembers who placed a lounge chair next to a crew door on an outside walking track or deck and created a tripping hazard for Plaintiff.

23. As a result of the acts and omissions of Defendant, Plaintiff was seriously injured when she was caused to trip and fall while she tried to maneuver around a large lounge chair left on the walking deck or track where lounge chairs are prohibited. She got close to the chair when her husband tried unsuccessfully to open a crew door. When he could not get the door open, she turned to maneuver around the chair and tripped over the right corner. Her back or left foot caught the lounge chair on the right front corner.

24. At all times material hereto, the Plaintiff acted with reasonable care for her own safety and was walking carefully and cautiously in the circumstances of having to maneuver around a lounge chair but still was caused to fall and be injured.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring from

surgery. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.

## COUNT TWO- INTENTIONAL SPOLIATION OF EVIDENCE

26. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

27. On the aforesaid date, September 7, 2021, the Plaintiff with her husband had gone up to the Thirteenth Deck on NORWEGIAN GEM to have a walk around the ship.

28. As Plaintiff and her husband walked on the deck of the large ship, they became tired and wanted to go back into the ship and take an elevator. They saw a door with no handle and no sign which led inside the ship. The Plaintiff's husband tried unsuccessfully to pry open a crew door which had no handle and no signage. A large lounge chair had been some time previously placed near the door. The area is under video surveillance with closed circuit television cameras. Lounge chairs are prohibited on the walking deck.

30. Plaintiff tripped on the lounge chair which was an obstacle in her path and a tripping hazard when her husband tried to open a crew door with no signage to indicate it was not for passengers' use.

31. The ship's doctor, Maria Guerlain Lee, M.D. came to the scene of where Plaintiff had tripped and fallen and been seriously injured. Dr. Lee provided medical treatment to Plaintiff on the deck. A security officer also came to the scene. See Exhibit One-A photograph taken at the scene by Plaintiff's husband showing Dr. Lee and an unidentified security officer.

32. Dr. Lee apparently believes she is a member of Defendant's risk management or loss

prevention department and that her duties include litigation assistance and defending the company against passenger claims. She wrote in the ship's medical chart that Plaintiff was "allegedly on (a) walk" and "allegedly tripped on a chair." Dr. Lee knows very well that Plaintiff was walking on the walking track and that she tripped on a lounge chair. She went to the scene where Plaintiff had been injured and in fact, she specifically instructed Plaintiff's husband that he was forbidden to photograph the lounge chair that Plaintiff had tripped on in its location near the crew door. The security officer also present at the scene did not try to stop Plaintiff from photographing the scene but the ship's doctor did. To Plaintiff's knowledge, no photograph of the lounge chair taken at the time her husband tried to photograph the chair exists.

34. Plaintiff's husband made a drawing of the lounge chair in relation to the door. See Exhibit Two-Drawing of the scene of Plaintiff's incident by Plaintiff's husband. A photograph of the chair in proximity to the door would be helpful in reconstructing the incident.

35. As a result of the foregoing, the Plaintiff's ability to present her case has been impaired. Plaintiff would therefore be entitled to all reasonable inferences in her favor.

36. At all times material hereto, the Plaintiff acted with reasonable care for her own safety and was walking carefully and cautiously but still was caused to fall and be injured.

37. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring from

surgery. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.

## COUNT III-FAILURE TO WARN

38. Plaintiff reavers and realleges Paragraphs 1-12 as if set forth herein.

39. The Defendant knew or should have known through the exercise of reasonable care that there was a large lounge chair on a walking deck.

40. The Defendant has policies and procedures for keeping lounge chairs off walking decks, has closed circuit television cameras monitoring passenger decks on a continuous basis, has crewmembers patrolling public areas of the ship looking for violations of policies and procedures.

41. Plaintiff was not aware that there would be a lounge chair on the walking deck until she was drawn near to it and had to maneuver around it.

42. The existence of the lounge chair was not open or obvious to Plaintiff when she decided to walk on the walking deck. Since the lounge chair was unreasonably close to a crew door that was not intended to be opened from the outside on the deck, Plaintiff should have been warned to stay away from the door and not try to open it.

43. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring from

- 9 -

surgery. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future

DATED this 11th day of May, 2022.

>
> HOFFMAN LAW FIRM
> PAUL M. HOFFMAN, P.A.
> 2881 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone: (954) 707-5040
>
> */s//Paul M. Hoffman, Esq.*
> PAUL M. HOFFMAN
> Florida Bar No: 0279897